IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| RIGOBERTO PORTILLO-MALDONADO, *et al.*, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 1:26-cv-00488 (AJT/WEF) |
| KRISTI NOEM, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

## **ORDER**

Before the Court is Petitioners Rigoberto Portillo-Maldonado, Isai Perez Huanon, and Erin Omar Landaverde Rodriguez's ("Petitioners") Petition for Writ of Habeas Corpus ("Petition"), filed on February 18, 2026. [Doc. No. 1]. By order dated the following day, the Court ordered the Government to respond to the Petition within five days, [Doc. No. 3], and Respondents submitted a notice (as an attachment to a Consent Motion for Enlargement of Time *Nunc Pro Tunc*) that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 7-2].

Petitioners are citizens of Honduras and Guatemala, each of whom entered the United States without inspection.[1] [Doc. No. 1] ¶¶ 16, 46. Between December 2025 and January 2026, each of the Petitioners was arrested by immigration officials and eventually taken to the Farmville

---

[1] Petitioner Portillo-Maldonado is a citizen of Honduras and entered as an unaccompanied minor on March 26, 1995, after which he was granted voluntary departure to Honduras and re-entered a year later. [Doc. No. 1] ¶¶ 19, 28. Petitioner Perez-Huanon is a citizen of Guatemala who alleges that he entered without inspection at age 18. *Id*. ¶¶ 20, 38. Petitioner Landaverde-Rodriguez is a citizen of Honduras; the Petition does not specify the circumstances of his entry into the United States but notes that he has been charged as having entered without inspection. *Id*. ¶¶ 21, 50, 55.

Detention Facility, where they remain. *Id.* ¶¶ 19-21, 26. They have not been provided with a bond hearing. *Id*. ¶ 58.

In light of the foregoing, and it appearing to the Court that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez* or the other opinions of this Court cited therein, the Court incorporates the filings in *Hernandez* into the record of this habeas action. For the reasons stated in *Hernandez*, the Court determines that the Petitioners' detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioners are entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents' Consent Motion for Enlargement of Time *Nunc Pro Tunc* [Doc. No. 7] be, and the same hereby is, **GRANTED**; and it is further

**ORDERED** that Respondents provide each of the Petitioners with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if any of the Petitioners is granted bond by an Immigration Judge, Respondents are **ENJOINED** from denying bond to that Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within three days of any bond hearing(s) held, stating whether the Petitioner(s) have been granted bond and, if their request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
March 2, 2026

Anthony J. Trenga
Senior United States District Judge